IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC HOSEY, #193503, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:09-CV-0063-TMH |
| | ) [WO] |
| | ) |
| ALABAMA DEPT. OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Eric Hosey ["Hosey"], an indigent state inmate, challenges the request by a correctional official seeking the identity of Muslim inmates at the Ventress Correctional Facility ["Ventress"]. Specifically, Hosey complains that this request violated his right to freely practice his religion. The plaintiff names the Alabama Department of Corrections and Earl Savage, a treatment counselor at Ventress, as defendants in this cause of action.

Upon thorough review of the complaint, the court concludes that this case is due to be dismissed with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] The court granted Hosey leave to proceed *in forma pauperis*. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

### A.  The Alabama Department of Corrections

The law is well-settled that state agencies are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Thus, the plaintiff's claim against the Alabama Department of Corrections is frivolous as it is "based on an indisputably meritless legal theory[,]" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989),[2] and such claim is therefore subject to dismissal pursuant to the directives of 28 U.S.C.§ 1915(e)(2)(B)(i).

### B.  The Claim for Relief

Hosey complains that defendant Savage "sent a list into the dorm wanting to know who all of the muslims were..." *Plaintiff's Complaint - Court Doc. No. 1* at 3. Hosey contends that requiring an inmate to identify his religious preference constitutes a "violation of the Freedom of Religion Act." *Id*. at 2. The court construes the complaint to seek relief under both the Religious Land Use and Institutionalized Persons Act ["RLUIPA"] and the First Amendment of the Constitution. The claim presented by Hosey, standing alone, entitles him to no relief.

To set forth a claim cognizable under RLUIPA, "a plaintiff must demonstrate 1) that

---

[2]Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened." *Smith v. Allen*, 502 F.3d 1255, 1276 (11th Cir. 2007), *reh'g denied and reh'g en banc denied*, 277 Fed. Appx. 979 (11th Cir. Mar. 3, 2008).  The first question for the court is whether Hosey has demonstrated he was engaged in a "religious exercise."  In *Smith*, the court defined the plaintiff's "religious exercise" as the practice of his religion, i.e., Odinism. "[W]e conclude that Smith's practice of Odinism constitutes 'religious exercise' for purposes of a RLUIPA claim."  *Smith*, 502 F.3d at 1277.  The *Smith* court did not restrict the definition of "religious exercise" in a way which focused on a particular act of worship; instead, the court defined "religious exercise" as constituting the broader practice of religion.  *Id*.  It therefore follows that the "religious exercise" present in this case is the practice of the Muslim religion.  Thus, through his claim that he practices the Muslim religion Hosey has met the first prong of his *prima facie* case.  Hosey's claim, however, falters on the "substantial burden" element required by RLUIPA.     As the court in *Smith* explained:

> We have previously defined a "substantial burden" as being "significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly."  More pertinent to the present action, we have made clear that, in order to constitute a "substantial burden" on religious practice, the government's action must be "more than ... incidental" and "must place more than an inconvenience on religious exercise."  That is, to constitute a substantial burden under RLUIPA, the governmental action must significantly hamper one's religious practice.

*Smith*, 502 F.3d at 1277 (citation omitted).  The mere requirement that an inmate identify his religious preference to correctional officials in no way burdens or restricts the exercise of an inmate's religion.  Consequently, the action challenged by Hosey does not establish a

3

violation of the Religious Land Use and Institutionalized Persons Act of 2000.

For the same reasons, Hosey's First Amendment claim fails. "If a prison's regulation passes muster under RLUIPA, however, it will perforce satisfy the requirements of the First Amendment, since RLUIPA offers greater protection to religious exercise than the First Amendment offers. *See Charles v. Frank*, 101 Fed.Appx 634, 635 (7th Cir. 2004) (per curiam)." *Smith*, 502 F.3d at 1264 n.5.

In light of the foregoing, the court concludes that Hosey's free exercise claim is due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process as required by the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before February 25, 2009 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of February, 2009.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE